Case 9:09-cv-80797-WJZ   Document 1   Entered on FLSD Docket 05/27/2009   Page 1 of 10

```
                                    FILED by _____ D.C.
                                         ELECTRONIC
                                         May 27, 2009
                                    STEVEN M. LARIMORE
                                    CLERK U.S. DIST. CT.
                                    S.D. OF FLA. - MIAMI
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FIRST JACKSON CAPITAL & MANAGEMENT, LLC,
a Nevada limited liability company,
as successor in interest to
FIRST JACKSON INVESTMENTS, LLC.,
a Delaware limited liability company,

          Plaintiff,

Case No.

v.

## 09-80797-Civ-MARRA/JOHNSON

FALCONE GROUP, LLC, a Florida
limited liability company,
FALCON FUNDING, LLC, a Florida
limited liability company, and
ARTHUR J. FALCONE, individually,

          Defendants.
_____/

### COMPLAINT

Plaintiff, First Jackson Capital & Management, LLC, as successor in interest to First Jackson Investments, LLC, ("**First Jackson**"), by and through undersigned counsel, hereby sues Defendants, Falcone Group, LLC, ("**Falcone Group**"), Falcon Funding, LLC, ("**Falcon Funding**"), and Arthur J. Falcone, ("**Art Falcone**"), (collectively "**Defendants**"), and in support states as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $15,000.00, exclusive of interest, costs, and attorneys' fees.

2. Plaintiff is a Nevada limited liability company with its principal place of business in La Jolla, San Diego County, California.

3. Plaintiff is the owner and holder of the Note and Guarantee by virtue of an assignment of assets executed on March 15, 2007.

4. Defendant, Falcone Group, is a Florida limited liability company with a principal place of business in Boca Raton, Palm Beach County, Florida.

5. Defendant, Falcon Funding, is a Florida limited liability company with a principal place of business in Boca Raton, Palm Beach County, Florida. Falcon Funding is a division of Falcone Group.

6. Defendant, Art Falcone, is an individual residing in Broward County, Florida.

7. This is an action for payment on a promissory note executed by Falcone Group and guarantee executed by Falcon Funding and Art Falcone in favor of First Jackson, in excess of $75,000, as more fully described below.

8. This Court has jurisdiction by virtue of diversity of citizenship, 28 U.S.C. § 1332.

9. This Court has jurisdiction over Falcone Group and Falcon Funding as they maintain their principal places of business in Palm Beach County, Florida and over Art Falcone as he resides in Broward County, Florida.

10. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

11. All conditions precedent to this action have occurred or have been performed, excused, or waived.

### Background Facts

12. Prior to December 18, 2006, Art Falcone conferred with First Jackson regarding the procurement of a loan from First Jackson in the amount of $2,000,000.

13. Art Falcone assured Murray Rosenthal, the managing member of First Jackson, that Art Falcone would personally guarantee the loan.

2

14. On or about December 15, 2006, based upon the representations of Art Falcone, First Jackson loaned the sum of $2,000,000 per Art Falcone's instructions by wire transfer, a copy of the receipt for which is attached hereto as Exhibit "A."

15. Thereafter, on or about the December 18, 2006, Falcone Group executed and delivered a promissory note (the "**Note**") to First Jackson whereby Falcone Group agreed to repay the loan from First Jackson in the amount of $2,000,000.00, plus interest. The Note is attached hereto and incorporated herein as Exhibit "B."

16. The Note calls for payments of twelve percent (12%) interest from Falcone Group to First Jackson beginning on or before January 20, 2007, and on the 20th of the month after each quarter until maturity on December 18, 2008, at which time all principal and any accrued interest would be due and payable to First Jackson.

17. Contemporaneous with the delivery of the Note, Falcon Funding and Art Falcone, "jointly and severally," executed a guarantee of the Note and are liable to First Jackson pursuant to the terms thereof (the "**Guarantee**"). A copy of the Guarantee is attached hereto and incorporated herein as Exhibit "C."

18. Falcone Group, Falcon Funding, and Art Falcone have failed to pay the last interest payment and principal on the Note.

19. The Note provides for an interest rate of 18% accruing from the date Falcone Group defaults on the Note, for which Falcon Funding and Art Falcone are jointly and severally liable pursuant to the terms of the Guarantee.

20. First Jackson has engaged the undersigned law firm to bring suit on its behalf and is obligated to pay a reasonable fee for its services. Both the Note and the Guarantee provide for recovery of attorneys' fees and costs expended in the collection and enforcement of same.

## COUNT I – Promissory Note

21. Plaintiff realleges and incorporates paragraphs 1 through 20 above as if set forth fully herein.

22. First Jackson is the owner and holder of the Note.

23. Defendants have failed and refused to pay the principal and accrued interest on the Note when due.

24. Pursuant to the terms of the Note, Defendants owe First Jackson $2,153,863.01, including interest that is due for the last quarter of 2008 through the date of filing this lawsuit. Pursuant to the terms of the Note, interest continues to accrue at a rate of 18%.

WHEREFORE, Plaintiff, First Jackson Investments, LLC, demands judgment against Defendants, Falcone Group, LLC, Falcon Funding, LLC, and Art Falcone for compensatory damages, plus interest, court costs, attorneys' fees, and such other and further relief as may be just and proper.

## COUNT II – Breach of Guarantee

25. Plaintiff realleges and incorporates paragraphs 1 through 20 above as if set forth fully herein.

26. Pursuant to the terms of the Guarantee, Falcon Funding and Art Falcone jointly and severally guaranteed all amounts due and owing in connection with the Note.

27. Falcon Funding and Art Falcone have failed and to pay the principal and accrued interest on the Note.

28. Pursuant to the terms of the Guarantee, Falcon Funding and Art Falcone owe First Jackson the sum of $2,153,863.01, including interest that is due for the last quarter of 2008

4

through the date of filing this lawsuit. Pursuant to the terms of the Note, interest continues to accrue at a rate of 18%.

WHEREFORE, Plaintiff, First Jackson Investments, LLC, demands judgment against Defendants, Falcon Funding, LLC, and Art Falcone, individually, for compensatory damages, plus interest, court costs, attorneys' fees, and such other and further relief as may be just and proper.

Dated this 26th day of May, 2009.

/s/ Roger J. Haughey, II
R.J. Haughey, II
*rhaughey@sbwlegal.com*
Florida Bar No. 0123617
Sivyer Barlow & Watson, P.A.
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: 813-221-4242
Facsimile: 813-227-8598
Attorneys for Plaintiff

```
STATUS:  PROCESSED              TIME:  16:54
VIA:     FED                    VALDT: 12/15/06      INCOMING WIRE - CREDIT
CREDIT BANK/ACCOUNT:                   WBFL   D  2000025197158
CREDIT NAME:                           FALCON FUNDING, LLC
USD EQUIVALENT:                                  $2,000,000.00
TRANSACTION AMT:                       USD        2,000,000.00
ADVICE:                                061215-075325
REF #:                                 1215B1Q8022C007931121516542FT01
SENDER FI:                             021000089
SENDER FI NAME:                        CITIBANK, NYC    FW
RECEIVER FI:                           063000021
RECEIVER FI NAME:                      WACHOVIA BANK OF FLORIDA
ORIGINATOR ID CODE/ID:                 41451939
ORIGINATOR NAME:                       FIRST JACKSON INVESTMENTS LLC 2710
ORIGINATOR ADDRESS:                    HIDDEN VALLEY ROAD LA JOLLA CA 9203
                                       7
ORIGINATOR FI CODE/ID:               S CSCHUS6S
ORIGINATOR FI NAME:                    CHARLES SCHWAB AND CO., INC.
ORIGINATOR FI ADDRESS:                 101 MONTGOMERY STREET
                                       SF120KNY-13-371
                                       SAN FRANCISCO,CA,US
BENEFICIARY ID CODE/ID:                D2000025197158
BENEFICIARY NAME:                      FALCONE FUNDING LLC
BENEFICIARY ADDRESS:                   1951 NW 19TH ST, STE 200
                                       BOCA RATON, FL 33431 US
ORIGINATOR TO BENEFICIARY INFO:        SCH REF(N 5025706 0001517606149)
INSTRUCTING FI ID CODE/ID:             30429609
INSTRUCTING FI NAME:                   CHARLES SCHWAB AND CO INC
INSTRUCTING FI ADDRESS:                ATTN CASH ACCOUNTING SF120LNY-08
                                       101 MONTGOMERY STREET
                                       SAN FRANCISCO CA 94104
FI TO FI FREE TEXT:                      - SENT BY DR MURRAY ROSENTHAL, FIR
                                       ST JACKSON INVESTMENTS LLC
                                             *** END   OF   WIRE ***
```

© Wachovia Corporation, 2004



EXHIBIT A

## **PROMISSORY NOTE**

$2,000,000.00                                                                                              Boca Raton, Florida
                                                                                                                December 18, 2006

FOR VALUE RECEIVED, the undersigned promises to pay to the order of First Jackson Investments, LLC, a Delaware LLC, attn: Murray H. Rosenthal, Manager ("Holder"), the principal sum of Two million Dollars ($2,000,000.00) together with interest thereon from the date hereof, at the rate of twelve percent (12%) per annum until maturity; both principal and interest being payable in lawful money of the United States or its equivalent, at 2710 Hidden Valley Road, La Jolla, California 92037, said principal and interest to be payable on the dates and in the amounts specified below, to-wit:

a. Interest shall be paid monthly with the first payment to be on or before January 20, 2007 and every quarter thereafter on or before the 20th of the month after the quarter end. All principal and any accrued interest shall be due and payable on December 18, 2008.

b. The maker of this note may pay off this note in full or partial any time prior to the maturity date.

c. This note may be renewed if agreed to by both maker and holder.

Maker waives demand, protest and notice of maturity, non-payment or protest and all requirements necessary to hold Maker liable hereunder.

Maker further agrees, to pay all costs of collection, including a reasonable attorney's fee in case the principal of this Note or any payment on the principal or any interest thereon is not paid at the respective maturity thereof, or in case it becomes necessary to protect the security hereof, whether suit be brought or not.

If the principal of or any interest on this Note or other sums due hereunder shall not be paid punctually when due, after thirty (30) days written notice from Holder to Maker, the entire amount of unpaid principal and accrued interest and other sums due hereunder shall at once become due and payable. If this Note shall be in default the principal sum and accrued interest shall both bear interest at the rate of eighteen percent (18%) per annum from the date of default until paid.

This Note is to be construed and enforced according to the laws of the State of Florida.

This Note may not be amended or modified, nor shall any waiver of any provision hereof be effective, except by an instrument in writing executed by Maker and Holder.

Falcone Group, LLC

_____ (CEO)
Arthur J. Falcone, CEO
1951 NW 19th Street, Suite 200
Boca Raton, Florida 33431

1

**EXHIBIT B**

## GUARANTEE

In consideration for First Jackson Investments LLC, a Delaware LLC, attn.: Murray Rosenthal, Manager ("Lender"), extending a loan in the amount of Two Million Dollars and 00/100 ($2,000,000.00) to Falcon Funding, LLC ("Borrower"), which loan is evidenced by a Promissory Note ("Note") of even date herewith from Borrower to Lender, the undersigned ("Guarantors") hereby jointly and severally guarantee, payment of all amounts due and owing in connection with the Note (collectively, the "Obligations").

Guarantors' obligations hereunder are independent of the Obligations of Borrower to the Lender. A separate action or actions may be brought and prosecuted against Guarantors whether action is brought against Borrower or whether Borrower be joined in any such action.

Guarantors agree that whenever an attorney is used to seek payment under or otherwise enforce this Guarantee or to enforce, declare or adjudicate any rights or obligations under this Guarantee, whether by legal proceedings or by other means, all such reasonable attorneys' fees shall be payable on demand by Guarantors.

Guarantors acknowledge that (i) they have received value for and are benefited by this Guarantee; (ii) they have a direct monetary interest in Borrower; (iii) both the Borrower and each of them are solvent, as such term is defined in the Bankruptcy Code of 1978; and (iv) they have executed this Guarantee in order to induce Lender to make the loan to Borrower heretofore described. This Guarantee shall, without further reference or assignment, pass to, and may be relied upon and enforced by, any successor or participant or assignee of Lender in connection with any Obligations of Borrower and/or Guarantors to Lender.

This Guarantee shall be governed by and construed in accordance with the laws of the State of Florida.

This Guarantee shall be binding upon Guarantors and their successors and assigns.

The validity of the Note shall not be a bar to collection on the Guarantee.

The Guarantors agree that, as between the Guarantors and Lender, the liabilities may be declared to be due and payable for purposes of this Guarantee notwithstanding any stay, injunction or other prohibition which may prevent, delay or vitiate any such declaration as against the Borrower and that, in the event of any such declaration (or attempted declaration), such Obligations (whether or not due and payable by the Borrower) shall forthwith become due and payable by the Guarantors for purposes of this Guarantee. Guarantors hereby waive any requirement that Lender exhaust any right, power or remedy or proceed against the Borrower under the Note or against any other person under any other guaranty of, or security for, any of the Obligations.

No provision of this Guarantee may be modified or waived without the prior written consent of the Lender.

EXHIBIT C

The rights, power and remedies granted to Lender herein shall be cumulative and in addition to any rights, powers and remedies to which Lender may be entitled either by operation of law or pursuant to the Note, and any changes agreed to by the parties thereto, or any other document or instrument delivered or from time to time to be delivered to Lender in connection therewith.

This Guarantee shall be a continuing guarantee, and any other guarantor, and any other party liable upon or in respect of any obligation hereby guaranteed may be released without affecting the liability of the Guarantors individually or collectively. The liability or each Guarantor hereunder shall be joint and several with the liability of any other guarantor or other party upon or in respect of the Obligations.

IN WITNESS WHEREOF, the undersigned has executed and delivered this Guarantee this 18th day of December, 2006.

Falcon Funding, LLC

_____
Arthur J. Falcone, Managing Member
1951 NW 19th Street, Suite 200
Boca Raton, Florida 33431

2

**CIVIL COVER SHEET**

JS 44 (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

May 27, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**I. (a) PLAINTIFFS**
FIRST JACKSON CAPITAL & MANAGEMENT, LLC, a Nevada limited liability company, as successor in interest to

**DEFENDANTS**
FALCONE GROUP, LLC, a Florida limited
FALCON FUNDING, LLC, a Florida limited liability company, and

(b) County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Palm Beach, County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Roger J. Haughey, II, Esq.
Sivyer Barlow & Watson, P.A.
401 E. Jackson Street, Suite 2225
Tampa, FL 33602

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

09CV80797 KAM/LRJ

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☑ 140 Negotiable Instrument | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO
b) Related Cases ☐ YES ☑ NO
JUDGE
DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332. Collection on Promissory Note.
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 2,153,863.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD: _Shvelev_ For R.J. Haughey II
DATE: 5/26/2009

FOR OFFICE USE ONLY
AMOUNT: 350
RECEIPT #: 725882
IFP