UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-80797-CIV-ZLOCH/ROSENBAUM

FIRST JACKSON CAPITAL &
MANAGEMENT, LLC, a Nevada
limited liability company, as successor
in interest to FIRST JACKSON
INVESTMENTS, LLC, a Delaware
limited liability company,

    Plaintiff,
vs.

FALCONE GROUP, LLC, a Florida
limited liability company, FALCON
FUNDING, LLC, a Florida limited
liability company, and ARTHUR J.
FALCONE, individually,

    Defendants.
_____/

## DEFENDANTS, FALCONE GROUP, LLC AND FALCON FUNDING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendants, FALCONE GROUP, LLC ("Group") and FALCON FUNDING, LLC ("Funding") (collectively, "Defendants"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 12(a), hereby file this Answer and Affirmative Defenses to Second Amended Complaint ("Complaint"), as more specifically set forth herein below:

### GENERAL ALLEGATIONS

1.    Defendants deny the allegations contained within paragraph 1 of the Complaint and demand strict proof thereof.

2. Defendants are without sufficient knowledge and/or information to either admit or deny the allegations contained within paragraph 2 of the Complaint and, therefore, deny the same and demand strict proof thereof.

3. Defendants are without sufficient knowledge and/or information to either admit or deny the allegations contained within paragraph 3 of the Complaint and, therefore, deny the same and demand strict proof thereof.

4. Defendants are without sufficient knowledge and/or information to either admit or deny the allegations contained within paragraph 4 of the Complaint and, therefore, deny the same and demand strict proof thereof.

5. Defendants are without sufficient knowledge and/or information to either admit or deny the allegations regarding Plaintiff's citizenship as contained within paragraph 5 of the Complaint and, therefore, deny the same and demand strict proof thereof. Defendants deny that this Court has jurisdiction over this matter and demand strict proof thereof.

6. Defendants admit the allegations contained within paragraph 6 of the Complaint.

7. Defendants deny the allegations contained within paragraph 7 of the Complaint and demand strict proof thereof.

8. Defendants admit the allegations regarding Group's citizenship as contained within paragraph 8 of the Complaint. Defendants deny that this Court has jurisdiction over Group and demand strict proof thereof.

9. Defendants admit the allegations contained within the first sentence of paragraph 9 of the Complaint. Defendants deny the allegations contained within the second sentence of that paragraph and demand strict proof thereof.

10. Defendants deny the allegations contained within paragraph 10 of the Complaint and demand strict proof thereof.

11. Defendants admit the allegations regarding Funding's citizenship as contained within paragraph 11 of the Complaint. Defendants deny that this Court has jurisdiction over Funding and demand strict proof thereof.

12. Upon information and belief, Defendants admit the allegations contained within paragraph 12 of the Complaint.

13. Defendants deny the allegations contained within paragraph 13 of the Complaint and demand strict proof thereof.

14. Defendants deny the allegations contained within paragraph 14 of the Complaint and demand strict proof thereof.

15. Defendants deny the allegations contained within paragraph 15 of the Complaint and demand strict proof thereof.

16. Defendants deny the allegations contained within paragraph 16 of the Complaint and demand strict proof thereof.

17. Defendants deny the allegations contained within paragraph 17 of the Complaint and demand strict proof thereof.

## Background Facts

18. Defendants are without sufficient knowledge and/or information to either admit or deny the allegations contained within paragraph 18 of the Complaint and, therefore, deny the same and demand strict proof thereof.

19. Defendants deny the allegations contained within paragraph 19 of the Complaint and demand strict proof thereof.

20. As the response to the allegations contained within paragraph 14 of the Complaint, Defendants state that they've never seen the attached Exhibit "A" but that, upon establishing authenticity, said document speaks for itself. Defendants deny any allegations that purport to alter or vary the terms of Exhibit "A." Defendants deny Mr. Falcone made any "representations" and demand strict proof thereof.

21. As the response to the allegations contained within paragraph 21 of the Complaint, Defendants admit that Group executed and delivered a note to First Jackson. As the response to the remaining allegations contained within that paragraph, Defendants state that Exhibit "B" speaks for itself and deny any allegations that purport to alter or vary the terms thereof.

22. As the response to the allegations contained within paragraph 22 of the Complaint, Defendants state that Exhibit "B" speaks for itself and deny any allegations that purport to alter or vary the terms thereof.

23. Defendants deny the allegations contained within paragraph 23 of the Complaint and demand strict proof thereof. As a further response to the allegations contained within that paragraph, Defendants would state that Exhibit "C" speaks for itself and Art Falcone, individually, is not a party to that instrument.

24. Defendants are without sufficient knowledge and/or information to either admit or deny the allegations contained within paragraph 24 of the Complaint and, therefore, deny the same and demand strict proof thereof.

25. Defendants deny the allegations contained within paragraph 25 of the Complaint and demand strict proof thereof.

26. As the response to the allegations contained within paragraph 26 of the Complaint, Defendants state that the Note and Guarantee, attached to the Complaint as Exhibits "B" and "C", respectively, speak for themselves. Defendants deny that Funding and Art Falcone are jointly and severally liable pursuant to the terms of the Guarantee.

27. As the response to the allegations contained within the first sentence of paragraph 27 of the Complaint, Defendants state that they are without sufficient knowledge and/or information to either admit or deny those allegations and, therefore, deny the same and demand strict proof thereof. As the response to the second sentence of that paragraph, Defendants state that the Note and Guaranty, attached to the Complaint as Exhibits "B" and "C", respectively, speak for themselves. Defendants deny any allegations that purport to alter or vary the terms thereof.

## COUNT I - Promissory Note
### (Against Falcone Group)

28. Group repeats its responses to paragraphs 1 through 27 of the Complaint as the response to paragraph 28 thereof.

29. Group is without sufficient knowledge and/or information to either admit or deny the allegations contained within paragraph 29 of the Complaint and, therefore, denies the same and demands strict proof thereof.

30. Group denies the allegations contained within paragraph 30 of the Complaint and demands strict proof thereof.

31. Group denies the allegations contained within paragraph 31 of the Complaint and demands strict proof thereof.

## COUNT II - Breach of Guarantee
### (Against Falcon Funding and Art Falcone)

32. Funding repeats its responses to paragraphs 1 through 27 of the Complaint as the response to paragraph 32 thereof.

33. Funding denies the allegations contained within paragraph 33 of the Complaint and demands strict proof thereof. As a further response to the allegations contained within that paragraph, Defendants would state that Exhibit "C" speaks for itself and Art Falcone, individually, is not a party to that instrument.

34. Funding denies the allegations contained within paragraph 34 of the Complaint and demands strict proof thereof.

35. As the response to the allegations contained within paragraph 35 of the Complaint, Funding states that the Note and Guaranty, attached to the Complaint as Exhibits "B" and "C", respectively, speak for themselves. Funding denies any allegations that purport to alter or vary the terms thereof.

## COUNT III - Fraud in the Inducement
### (Against Art Falcone)

36. As no relief is sought against Defendants in this Count III, no response is required.

## COUNT IV - Promissory Estoppel
### (Against Art Falcone)

37. As no relief is sought against Defendants in this Count IV, no response is required.

## COUNT V - Reformation
### (Against Art Falcone)

38. As no relief is sought against Defendants in this Count V, no response is required.

### FIRST AFFIRMATIVE DEFENSE

As to Count I, Group states that the Note was executed in favor of First Jackson Investments, LLC, a Delaware LLC. The assignment of the Note to Plaintiff, as alleged in paragraph 24 of the Complaint, is a material change in the terms thereof such that Group's authorization was required. As Group was neither notified of this material change nor authorized same, the assignment is void and Plaintiff has no right to enforce the Note. Accordingly, Count I must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

As to Count I, Group states that the Note explicitly prohibits amendments or modifications without the execution of a written instrument signed by both Group and First Jackson Investments, LLC, a Delaware LLC. The substitution of a new "Holder", under the terms of the Note, constitutes an amendment or modification requiring such written agreement of the parties. Because no such written amendment exists, Plaintiff has no right to enforce the Note. Accordingly, Count I must be dismissed.

### THIRD AFFIRMATIVE DEFENSE

As to Count II, Funding states that the Guarantee was executed in favor of First Jackson Investments, LLC, a Delaware LLC. The assignment of the Guarantee to Plaintiff, as alleged in paragraph 24 of the Complaint, is a material change in the terms thereof such that Funding's authorization was required. As Funding was neither notified of this material change nor authorized same, the assignment is void and Plaintiff has no right to enforce the Guarantee. Accordingly, Count II must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

As to Count II, Funding states that the Guarantee explicitly prohibits amendments or modifications without the execution of a written instrument signed by both Funding and First Jackson Investments, LLC, a Delaware LLC. The substitution of a new "Lender", under the terms of the Guarantee, constitutes an amendment or modification requiring such written agreement of the parties. Because no such written amendment exists, Plaintiff has no right to enforce the Guarantee. Accordingly, Count II must be dismissed.

WHEREFORE, Defendants, FALCONE GROUP, LLC, and FALCON FUNDING, LLC, having answered the Second Amended Complaint in full, respectfully request Plaintiff's claims be dismissed and that Defendants be awarded their attorneys' fees and taxable costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Roger J. Haughey, II, Esq., Sivyer Barlow & Watson, P.A., 401 E. Jackson Street, Ste. 2225, Tampa, FL 33602.

Respectfully submitted,

NASON, YEAGER, GERSON, WHITE & LIOCE, P.A.
1645 Palm Beach Lakes Boulevard, Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 686-3307
Facsimile: (561) 656-6547
E-mail: twhite@nasonyeager.com
Attorneys for Defendants
Florida Bar No.: 30655

By: s/*Tracy M. White*
TRACY M. WHITE

H:\7526\20487\PAnswerAffirmativeDefensesSecondAmendedComplGroupFundingTMW/tmw