UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-80797-CIV-ZLOCH/ROSENBAUM

FIRST JACKSON CAPITAL &
MANAGEMENT, LLC, a Nevada
limited liability company, as successor
in interest to FIRST JACKSON
INVESTMENTS, LLC, a Delaware
limited liability company,

      Plaintiff,
vs.

FALCONE GROUP, LLC, a Florida
limited liability company, FALCON
FUNDING, LLC, a Florida limited
liability company, and ARTHUR J.
FALCONE, individually,

      Defendants.
_____/

## DEFENDANT, ARTHUR J. FALCONE'S MOTION TO DISMISS REGARDING SECOND AMENDED COMPLAINT

Defendant, ARTHUR J. FALCONE ("Falcone"), by and through the undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, hereby moves for the entry of an Order by this Honorable Court dismissing Falcone from Count II and dismissing Counts III, IV, and V of the Second Amended Complaint ("Complaint") with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), as more specifically set forth herein below:

### Count II

1.    Plaintiff, FIRST JACKSON CAPITAL & MANAGEMENT, LLC as successor in interest to FIRST JACKSON INVESTMENTS, LLC, has brought this diversity action in connection with a December 18, 2006, promissory note ("Note") and guarantee ("Guarantee"), attached to the Complaint as Exhibits B and C, respectively.

2. According to the allegations of the Complaint, Funding and Falcone "jointly and severally" executed the Guarantee "and are liable to First Jackson pursuant to the terms thereof." (Compl. ¶ 23.)

3. The prefatory paragraph of the Guarantee states:

> "In consideration for First Jackson Investments, LLC, a Delaware LLC, attn.: Murray Rosenthal, Manager ("Lender"), extending a loan in the amount of Two Million Dollars and 00/100 ($2,000,000.00) to Falcon Funding, LLC ("Borrower"), which loan is evidenced by a Promissory Note ("Note") of even date herewith from Borrower to Lender, the undersigned ("Guarantors") hereby jointly and severally guarantee, payment of all amounts due and owing in connection with the Note (collectively, the "Obligations")."

(Compl. Ex. C.)

4. The final page of the Guarantee shows one signature block as follows:

> Falcon Funding, LLC
>
> /s/ Arthur J. Falcone
> Arthur J. Falcone, Managing Member
> 1951 NW 19th Street, Suite 200
> Boca Raton, Florida 33431

*Id.*

5. The Guarantee includes no signature of Falcone, individually.

6. Nevertheless, Plaintiff has attempted to impose liability upon Falcone alleging an obligation that is negated by the explicit and unambiguous terms of the very Guarantee attached to the Complaint.

7. Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a claim is appropriate where " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Granite State Outdoor Advertising, Inc. v. City of Ft. Lauderale*, 2005 WL 6103745 *2 (S.D. Fla. 2005) (*quoting Blackstone v. Ala.*, 30 F.3d 117, 120 (11th Cir. 1994)).

8. Federal Rule of Civil Procedure 10(c) states: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

9. "In determining whether a plaintiff has stated a claim upon which relief may be granted, a court may consider both the allegations in the complaint and the allegations in the exhibits attached thereto." *Granite State*, 2005 WL 6103745 at 2 (*citing Jackson v. BellSouth Telecomms., Inc.*, 181 F.Supp.2d 1345 (S.D.Fla. 2001); *Landmark Tower Assocs. v. First Nat'l Bank of Chicago*, 439 F.Supp. 195 (S.D. Fla. 1977)).

10. "[W]here an exhibit contradicts an assertion made in the complaint and eliminates any possible claim for relief, dismissal is appropriate." *Id.* (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp., et al.*, 335 F.3d 370, 377 (5th Cir. 2004) (noting that where an allegation in the complaint "is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls")).

11. The Guarantee was executed by a single guarantor, Funding, through its managing member, as indicated.

12. Under no logical interpretation of the Guarantee could one possibly conclude that Falcone, individually, purported to bind himself as a joint and several guarantor simply by signing as the authorized agent of the Funding entity.

13. Courts have repeatedly addressed this issue and held that "if an agent signs a contract for a disclosed principal, he does not intend to make himself a party to the instrument." *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1207 (5th Cir. 1975).

14. Furthermore, where the parties are spelled out unambiguously, as where the agent signs for the entity, parol evidence cannot be introduced to show the intent to make the agent a party or the principal not a party, except where reformation is sought. *Id.*

15. Under these circumstances, Plaintiff cannot plead around the plain language of the Guarantee attached to and made a part of the Complaint for all purposes. Indeed, Plaintiff is confined to the clear and unambiguous language of the Guarantee to which the ONLY party was Funding.

16. Because the terms of the Guarantee control and trump Plaintiff's allegations in the Complaint, and because that Guarantee contradicts assertions in the Complaint, any possible claim for relief against Falcone is wholly eliminated. *See Granite State*, 2005 WL 6103745 at 2.

17. Accordingly, Falcone must be dismissed with prejudice as a party to Count II.

### Count III

18. In Count III of the Complaint, Plaintiff attempts to state a claim for fraud in the inducement against Falcone.

19. According to Plaintiff, "[t]o the extent Art Falcone disavows his personal guarantee of the Note, Art Falcone made a false statement to Murray Rosenthal, the managing member of First Jackson, that Art Falcone would personally guarantee the payment of money owed under the Note." (Compl. ¶ 38.)

20. Plaintiff claims to have relied upon Falcone's purported statements in executing the loan documents. (Compl. ¶ 40.)

21. Pursuant to well-established Florida law, "[n]o action for the tort of fraud in the inducement will lie where the alleged fraud contradicts a subsequent written contract" because "[r]eliance on fraudulent representations is **unreasonable as a matter of law** in such situations." *Id.* (emphasis added).

22. In essence, a "party cannot recover in fraud for alleged oral representations that are adequately covered or expressly contradicted in a later written contract." *Mac-Gray Services, Inc. v.*

4

*DeGeorge*, 913 So. 2d 630, 634 (Fla. 4th DCA 2005); *see also Rosa v. Amoco Oil Co.*, 262 F.Supp.2d 1364, 1367 (S.D. Fla. 2003).

23. In this case, Plaintiff has asserted a claim for breach of the Guarantee in Count II and a claim for fraudulent inducement in Count III.

24. Plaintiff's claims for fraud in the inducement are **clearly** barred by the economic loss doctrine. Specifically, the alleged misrepresentations are interwoven and indistinct from the heart of the written Guarantee and, indeed, are adequately covered and expressly contradicted therein. *See Topp, Inc.*, 513 F.Supp.2d at 1349.

25. No ambiguity exists as to the identity of the Guarantor.

26. Furthermore, any representations prior to executing the Guarantee that Falcone would personally guarantee that loan are directly negated by the express terms of that contract.

27. Accordingly, dismissal of Count III with prejudice is appropriate due to Plaintiff's failure to state a claim for fraud in the inducement.

## Count IV

28. Plaintiff alleges in Count IV an entitlement to recovery under the doctrine of promissory estoppel.

29. The allegations of that count are essentially a reiteration of Count III, focusing primarily on Falcone's alleged promise to personally guarantee the loan.

30. According to Plaintiff, it reasonably relied on Falcone's statements and, as a result, executed the loan and accepted a Guarantee executed only by Funding.

31. Pursuant to Florida law, promissory estoppel does not apply to oral statements made prior to a written contract where the contract covers the same subject matter. *Advanced Marketing Systems Corp. v. ZK Yacht Sales*, 830 So. 2d 924, 927 (Fla. 4th DCA 2002).

32. "Promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove breach of a contract." *Id.* at 928.

33. With apparent knowledge of the weakness of the breach of Guarantee claim against Falcone, Plaintiff has pled in the alternative a claim for promissory estoppel, which is a mere reiteration of Count II.

34. This is obviously an attempt to get a "second bite at the apple" because that breach claim fails. Such an attempt is expressly precluded by well-reasoned Florida law. *See id.*

35. Accordingly, Plaintiff is precluded from pursuing a claim against Falcone under the doctrine of promissory estoppel and Count IV must be dismissed with prejudice.

### Count V

36. Count V purports to state a claim for reformation of the Guarantee based upon Falcone's oral representations to Plaintiff prior to consummation of the loan to Group.

37. Count V incorporates by reference the Note and Plaintiff's allegations in paragraph 22 of the Complaint that the Note requires monthly interest payments commencing January 20, 2007 until maturity on December 18, 2008.

38. Count V is an attempt by Plaintiff to essentially enforce an alleged oral agreement between Plaintiff and Falcone, the duration of which is in excess of one year.

39. The statute of frauds, § 725.01, Fla. Stat., precludes actions on oral promises to repay the debts of another without some note or memorandum thereof in writing and signed by the party to be charged therewith.

40. Because no such writing exists, and because the alleged term of the Note is in excess of one year, Count V is barred by the statute of frauds and must be dismissed with prejudice.

WHEREFORE, Defendant, ARTHUR J. FALCONE, respectfully requests the entry of an Order by this Honorable Court dismissing him as a party defendant to Count II, and dismissing Counts III, IV, and V of the Second Amended Complaint, with prejudice as no cognizable cause of action against him exists, and awarding such further relief as this Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Roger J. Haughey, II, Esq., Sivyer Barlow & Watson, P.A., 401 E. Jackson Street, Ste. 2225, Tampa, FL 33602.

Respectfully submitted,

NASON, YEAGER, GERSON, WHITE & LIOCE, P.A.
1645 Palm Beach Lakes Boulevard, Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 686-3307
Facsimile: (561) 656-6547
E-mail: twhite@nasonyeager.com
Attorneys for Defendants
Florida Bar No.: 30655

By: /s/ *Tracy M. White*
TRACY M. WHITE

H:\7526\20487\PMotionDismiss2dAmendedComplTMW/tmw