UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  09-80797-CIV-ZLOCH/ROSENBAUM

FIRST JACKSON CAPITAL &
MANAGEMENT, LLC, a Nevada
limited liability company, as successor
in interest to FIRST JACKSON
INVESTMENTS, LLC, a Delaware
limited liability company,

       Plaintiff,

vs.

FALCONE GROUP, LLC, a Florida
limited liability company, FALCON
FUNDING, LLC, a Florida limited
liability company, and ARTHUR J.
FALCONE, individually,

       Defendants.

_____/

**DEFENDANT, ARTHUR J. FALCONE'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO DISMISS
REGARDING SECOND AMENDED COMPLAINT**

       Defendant, ARTHUR J. FALCONE ("Falcone"), by and through the undersigned counsel and pursuant to S.D. Fla. L.R. 7.1, hereby files this Memorandum of Law in Support of Motion to Dismiss Regarding Second Amended Complaint ("Complaint") [D.E. 29], as more specifically set forth herein below:

**Allegations of Second Amended Complaint**

       Plaintiff has brought this five count diversity action in connection with a December 18, 2006, promissory note ("Note") executed by Defendant, Falcone Group, LLC ("Group") and a guarantee ("Guarantee") executed by Falcon Funding, LLC ("Funding") both of which are attached to the Complaint as Exhibits B and C, respectively.  Plaintiff alleges that, "based upon

representations of Art Falcone" that he would personally guarantee the loan, it loaned Defendant, Group, $2,000,000.00. (Compl. ¶¶ 19 and 20.)   Paragraph 23 of the Complaint states: "Contemporaneous with the delivery of the Note, Falcon Funding and Art Falcone, 'jointly and severally,' executed a guarantee of the Note and are liable to First Jackson pursuant to the terms thereof."  **Falcone did not sign the Guarantee, yet Plaintiff's Complaint includes four of five counts against him** in an attempt to conjure up liability where none exists as a matter of law.

In particular, the prefatory paragraph of the Guarantee states:

> "In consideration for First Jackson Investments, LLC, a Delaware LLC, attn.: Murray Rosenthal, Manager ("Lender"), extending a loan in the amount of Two Million Dollars and 00/100 ($2,000,000.00) to Falcon Funding, LLC ("Borrower"), which loan is evidenced by a Promissory Note ("Note") of even date herewith from Borrower to Lender, the undersigned ("Guarantors") hereby jointly and severally guarantee, payment of all amounts due and owing in connection with the Note (collectively, the "Obligations").

(Compl. Ex. C.)

Accordingly, **nowhere in the content of the Guarantee are the purported "Guarantors" identified at all**.  Only on the signature block is this revealed.  The final page of the Guarantee shows one signature block as follows:

Falcon Funding, LLC

/s/ Arthur J. Falcone
Arthur J. Falcone, Managing Member
1951 NW 19th Street, Suite 200
Boca Raton, Florida 33431

*Id.*

Accordingly, the Guarantee includes **only** the signature of Funding, through its officer, **not the signature of Falcone, individually**.

<u>**Motion to Dismiss Standard**</u>

A federal court sitting in diversity jurisdiction applies federal procedural law and state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may assert the defense of a failure to state a claim upon which relief can be granted by motion before a responsive pleading is allowed.  A motion made under Rule 12(b)(6) challenges the legal theory of the complaint, not the sufficiency of any evidence that might be adduced. *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (C.A. Minn. 1993).  **"The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity."** *Id.*  Dismissal under Rule 12(b)(6) is appropriate where " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Granite State Outdoor Advertising, Inc. v. City of Ft. Lauderale*, 2005 WL 6103745 *2 (S.D. Fla. 2005) (quoting *Blackstone v. Ala.*, 30 F.3d 117, 120 (11th Cir. 1994)).

Additionally, Federal Rule of Civil Procedure 10(c) states: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  To determine if a valid claim for relief has been alleged, "a court may consider both the allegations in the complaint and the allegations in the exhibits attached thereto." *Granite State*, 2005 WL 6103745 at 2 (citing *Jackson v. BellSouth Telecomms., Inc.*, 181 F.Supp.2d 1345 (S.D.Fla. 2001); *Landmark Tower Assocs. v. First Nat'l Bank of Chicago*, 439 F.Supp. 195 (S.D. Fla. 1977)).  "[W]here an exhibit contradicts an assertion made in the complaint and eliminates any possible claim for relief, dismissal is appropriate." *Id.* (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp., et al.*, 335 F.3d 370, 377 (5th Cir. 2004) (noting that where an allegation

in the complaint "is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls")).

**Dismissal of Falcone from Count II for**
**Failure to State a Cause of Action**

Count II of the Complaint purports to state a claim for breach of the Guarantee against Funding and Falcone.   To divert attention away from the fact that Falcone's signature, individually, appears nowhere on that document, Plaintiff emphasizes alleged oral representations made prior to the consummation of the loan transaction.   Specifically, Plaintiff alleges that, "[i]n November of 2006, Art Falcone conferred with Murray Rosenthal, the managing member of First Jackson, via telephone regarding the procurement of a loan from First Jackson in the amount of $2,000,000." (Compl. ¶ 18.)  According to Plaintiff, Falcone promised Plaintiff he would personally guarantee the loan and, based upon these representations, Plaintiff did in fact make the loan. (Compl. ¶¶ 19 and 20.)  In Count II, Plaintiff argues that the "terms of the Guarantee" somehow support a claim against Falcone, individually.   The terms of the Guarantee, in fact, directly negate any such argument.

Facts similar to the instant case were addressed by the former United States Court of Appeals for the Fifth Circuit in *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200 (5th Cir. 1975).   In that case, the defendant signed two instruments: one, a promissory note signed by the defendant "individually and on behalf of" the company (*Id.* at FN 9); the other, a credit application and agreement showing the entity signed "by" its agent, the individual defendant (*Id.* at 1205-6).  Appealing a default judgment as to individual liability on each instrument, the defendant argued he signed each in his capacity as agent for the corporation. The court disagreed as to the promissory note citing the unambiguous language in the signature

block, "individually and on behalf of." *Id.* at 1207-8. With regard to the credit application and agreement, however, the court found no individual liability. *Id.* at 1206-7.

Specifically, the court began its analysis with the "presumption that if an agent signs a contract for a disclosed principal, he does not intend to make himself a party to the instrument." *Id.* at 1207. Citing The Law of Agency, the court reiterated that "[i]f there is no indication as to the parties before the signature, the agent's name either before or after the principal's name as 'Agent of P' or 'Agent for P' or 'P by A' … indicates that the principal is and the agent is not a party." *Id.* In that case, nothing in the instrument prior to the defendant's signature on behalf of the company indicated that he was, individually, a party to the credit application and agreement.

Likewise, the Guarantee sued upon in this action includes absolutely NO indication that the parties intended Falcone to be individually bound by its terms. The prefatory paragraph of the Guarantee merely states "the undersigned ('Guarantors') hereby jointly and severally guarantee payment of all amounts due and owing in connection with the Note …" According to *Nishimatsu*, this language, which is "boilerplate and neutral," is insufficient to indicate who are the intended parties to the Guarantee. *Id.* Indeed, the only mention of Falcone is located in the single signature block whereby **he clearly signed as managing member of Funding**. Accordingly, Falcone cannot be held individually liable on the Guarantee as a matter of law, and must be dismissed as a party defendant to this lawsuit.

Additionally, the Guarantee, as a part of the Complaint for all purposes under Federal Rule of Civil Procedure 10(c), must be given as much weight as the allegations of the Complaint. Here, the Guarantee was executed by a single guarantor, Funding, through its managing member, as indicated. Under no logical interpretation of the Guarantee could one possibly conclude that Falcone, individually, purported to bind himself, as alleged, as a joint and several guarantor

simply by signing as the authorized agent of the Funding entity.  Plaintiff's allegations in this respect are plainly contradicted by the exhibit and, therefore, must also be dismissed with prejudice.

## Dismissal of Count III for Failure to State a Cause of Action

In Count III of the Complaint, Plaintiff attempts to state a claim for fraud in the inducement against Falcone.  According to Plaintiff, "[t]o the extent Art Falcone disavows his personal guarantee of the Note, Art Falcone made a false statement to Murray Rosenthal, the managing member of First Jackson, that Art Falcone would personally guarantee the payment of money owed under the Note." (Compl. ¶ 38.)  Plaintiff claims to have relied upon Falcone's purported statements in executing the loan documents. (Compl. ¶ 41.)    Thereafter, Plaintiff accepted a Guarantee **signed only by Funding**.  That Guarantee additionally contains a clause whereby "[n]o provision may be modified or waived without the prior written consent of the Lender." (Compl. Ex. C.)  Only now, nearly three years later, is seeking to alter or vary the terms of that written instrument by amending to add a guarantor; however, Plaintiff has produced no writing authorizing this amendment.  By asserting a claim for fraud in the inducement, Plaintiff is, in essence, attempting to circumvent the express terms of the Guarantee by Funding.

The economic loss rule "operates to bar tort claims for purely economic loss in cases … where the parties have contractual privity." *Topp, Inc. v. Uniden America Corp.*, 513 F.Supp.2d 1345, 1348 (S.D. Fla. 2007).

> Underlying the economic loss rule is the assumption that the parties to a contract have allocated the economic risks of nonperformance through the bargaining process. **A party to a contract who attempts to circumvent the contractual agreement by making a claim for economic loss in tort is, in effect, seeking to obtain a better bargain than he originally made.**"

*Id.* (emphasis added).

Pursuant to well-established Florida law, "[n]o action for the tort of fraud in the inducement will lie where the alleged fraud contradicts a subsequent written contract" because "[r]eliance on fraudulent representations is **unreasonable as a matter of law** in such situations." *Id.* (emphasis added). In essence, a "party cannot recover in fraud for alleged oral representations that are adequately covered or expressly contradicted in a later written contract." *Mac-Gray Services, Inc. v. DeGeorge*, 913 So. 2d 630, 634 (Fla. 4th DCA 2005); *see also Rosa v. Amoco Oil Co.*, 262 F.Supp.2d 1364, 1367 (S.D. Fla. 2003).

In *Rosa*, the plaintiff sued Amoco and its corporate representative, Downs, asserting multiple claims for relief purportedly arising out of a transfer agreement of an Amoco service station. *Rosa*, 262 F.Supp.2d at 1367. Among the plaintiff's claims were counts for fraud and negligent misrepresentation which principally concerned the length of the agreement's term. *Id.* According to the plaintiff, he was told by the defendants that the agreement's initial term was four years and would automatically renew for two consecutive four year terms. *Id.* The transfer agreement, however, was explicit that the term was four years with no such renewal provisions. *Id.*

The court found that the plaintiff's claims in tort concerned the duration of the agreement and these claims were not distinct from that agreement. *Id.* at 1368. In fact, the misrepresentations on which Plaintiff claims reliance and subsequent damage were contradicted by the express terms of the agreement. *Id.* In granting the defendants' motion to dismiss, the court concluded that "Plaintiff cannot now seek to avoid application of the economic loss rule by construing his tort claims as independent from his breach of contract action." *Id.* Quoting Judge Ryskamp in *Eclipse Med., Inc. v. American Hydro-Surgical Instruments, Inc.*, 262 F.Supp.2d

1334, 1342 (S.D. Fla. 1999), the *Rosa* court stated: "It is patently unreasonable for [Plaintiff] to rely on a promise that the Agreement would be renewed annually … based on performance where the Agreement specifically and unambiguously creates only a single renewal term based on performance." *Id*.

In the case *sub judice*, Plaintiff has asserted a claim for breach of the Guarantee in Count II and a claim for fraudulent inducement in Count III. Plaintiff's claims for fraud in the inducement are **clearly** barred by the economic loss doctrine. Specifically, the alleged misrepresentations are interwoven and indistinct from the heart of the written Guarantee and, indeed, are adequately covered and expressly contradicted by its terms. *See Topp, Inc.*, 513 F.Supp.2d at 1349. No ambiguity exists as to the identity of the Guarantor. Furthermore, **any representations prior to executing the Guarantee that Falcone would personally guarantee that loan are directly negated by the express terms of that contract**. Accordingly, Plaintiff acted unreasonably. Finally, had Plaintiff believed the Guarantee did not, as it asserts, accurately represent the understanding of the parties, it could have amended in writing. (Compl. Ex. C.) No such amendment exists. Accordingly, the allegations of fraudulent inducement are in no way actually extraneous to the Guarantee itself and cannot support an independent tort action. *See Id.*; *see also Rosa*, 262 F.Supp.2d at 1368. Consistent with *Rosa*, dismissal of Count III with prejudice is appropriate due to Plaintiff's failure to state a claim for fraud in the inducement.

### Dismissal of Count IV for Failure to State a Cause of Action

In yet another desperate attempt to conjure up claims against Falcone, Plaintiff alleges in Count IV an entitlement to recovery under the doctrine of promissory estoppel. The allegations of that count are essentially a reiteration of Count III, focusing primarily on Falcone's alleged promise to personally guarantee the loan. (*See e.g.* Compl. ¶ 46.) According to Plaintiff, it

reasonably relied on Falcone's statements and, as a result, executed the loan and accepted a Guarantee executed only by Funding.

The District Court of Appeal of Florida, Fourth District, has adopted the Restatement (Second) of Contracts § 90, which defines promissory estoppel as:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promise or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

*Advanced Marketing Systems Corp. v. ZK Yacht Sales*, 830 So. 2d 924, 927 (Fla. 4th DCA 2002). *Advanced Marketing* concerned claims arising out of the sale of a yacht. *Id.* In connection with that sale, the plaintiff, purchaser of the yacht, attempted to recover a rebate from the broker who, allegedly promised a substantial discount on the purchase prior to the plaintiff's closing of the sale. *Id.* at 925. After the sale closed, the plaintiff sought to recover the refund of commissions paid from the broker. *Id.* at 926. In this endeavor, the plaintiff asserted a claim for promissory estoppel claiming the broker breached its oral agreement by failing to effect the refund. *Id.* The agreement for sale of the yacht, however, provided for the payment of the entire commission to the broker with no provision for a discount. *Id.*

In examining the plaintiff's claims, the court first reiterated the proposition that, "[i]n order to create a contract, it is essential that there should be a reciprocal assent to a certain and definite proposition." *Id.* at 926-27 (quoting *Holloway v. Gutman*, 707 So. 2d 356 (Fla. 5th DCA 1998)). Additionally, the court stated that, "[w]here an offer of guaranty or any contract is made and delivered subject to a condition that is not accepted, such a guaranty or contract is not enforceable." *Id.* at 927 (quoting *Juliana, Inc. v. Salzman*, 181 So. 2d 3, 4 (Fla. 3d DCA 1965)). According to the *Advanced Marketing* court, the doctrine of promissory estoppel is triggered

when the requisites of a contract are not attained, yet the promise should be enforced to avoid injustice. *Id.* at 928.  However, promissory estoppel does not apply to oral statements made prior to a written contract where the contract covers the same subject matter.  Ultimately, the court found that the plaintiff could not pursue claims for promissory estoppel because a written contract between the parties covered the sale of the yacht and the commissions due to the broker. *Id.*  "Promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove breach of a contract." *Id.*

Plaintiff's scheme in this case is similar to that of the plaintiff in *Advanced Marketing*. 830 So. 2d at 927.  Undoubtedly, a subject matter of the Complaint is the identity of the guarantor of the loan from Plaintiff to Group.  In Count II, Plaintiff has attempted to sue Falcone on the Guarantee, notwithstanding the fact that Falcone is not a party thereto.  Accordingly that claim fails as a matter of law, as discussed herein above.  With apparent knowledge of the weakness of the breach claim, Plaintiff has pled in the alternative a claim for promissory estoppel, which is a mere reiteration of Plaintiff's claims against Falcone for breach of the Guaranty.  This is so obviously an attempt to get a "second bite at the apple" because that breach claim fails.  Such an attempt is expressly precluded by well-reasoned Florida law. *See Advanced Marketing*, 830 So. 2d at 928.  Accordingly, Plaintiff is precluded from pursuing a claim against Falcone under the doctrine of promissory estoppel and Count IV must be dismissed with prejudice.

### Dismissal of Count V for Failure to State a Cause of Action

Count V purports to state a claim for reformation of the Guarantee based upon Falcone's oral representations to Plaintiff prior to consummation of the loan to Group.  More specifically, Plaintiff alleges that "[t]o the extent the Guarantee does not include the personal guarantee of Art

Falcone, the Guarantee does not contain the true intention and agreement of the parties." (Compl. ¶ 55.) According to Plaintiff, mutual mistake of Plaintiff and Falcone or the unilateral mistake of Plaintiff and inequitable conduct of Falcone justify a reformation of the Guarantee. (Compl. ¶ 56.)  Count V incorporates by reference the Note and Plaintiff's allegations in paragraph 22 of the Complaint that the Note requires monthly interest payments commencing January 20, 2007 until maturity on December 18, 2008.  Count V is an attempt by Plaintiff to essentially enforce an alleged oral agreement between Plaintiff and Falcone, the duration of which is in excess of one year.

The statute of frauds, § 725.01, Fla. Stat., governs oral promises to repay the debts of another.  It provides that:

> No action shall be brought whereby to charge ... the defendant upon any special promise to answer for the debt, default or miscarriage of another person ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith.

Without question, Plaintiff's allegations that Falcone orally promised to guarantee the indebtedness of Group under the two-year Note falls within, and is expressly precluded by, the statute of frauds.

Nevertheless, Florida law does permit an action for reformation of a contract notwithstanding the statute of frauds. *See Kolski ex rel. Kolski v. Kolski*, 731 So. 2d 169 (Fla. 3d DCA 1999).  However, that line of cases specifically distinguishes actions to reform a contract and actions to enforce a contract. *See Smith v. Royal Automotive Group, Inc.*, 675 So. 2d 144, 153 (Fla. 5th DCA 1996) ("As reformation does not 'charge' the other party with enforcement of the agreement, the statute of frauds has no effect on an action to reform a written document."). In Count II of the Complaint, Plaintiff seeks to enforce the Guarantee against non-party Falcone.

This is not only contradicted by the express written agreement but is precluded by the statute of frauds. Accordingly, any claim emanating from an attempt to enforce a contract clearly barred by the statute of frauds is prohibited. Count V for reformation incorporates by reference allegations that Falcone purportedly assured his personal guarantee of the loan to Group. Under the circumstances, Plaintiff's reformation claim is inextricably intertwined with the enforcement claim. Accordingly, Count V must be dismissed with prejudice as barred by the statute of frauds.

**Conclusion**

As set forth herein above, no valid legal basis exists to support Plaintiff's claims against Falcone. With regard to Count II, the plain and unambiguous language of the Guarantee clearly precludes a cause of action against any party other than Funding. Similarly, Plaintiff's claims for fraud in the inducement and promissory estoppel are precluded by the written contracts attached to the Complaint which adequately govern the subject matter of Counts III and IV. Finally, Florida's statute of frauds bars Plaintiff's claims in Count V. Accordingly, Falcone must be dismissed from Count II, and Counts III through V must be dismissed as a matter of law. Additionally, dismissal must be with prejudice as under no set of circumstances can Plaintiff state a cause of action against Falcone.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Roger J. Haughey, II, Esq., Sivyer Barlow & Watson, P.A., 401 E. Jackson Street, Ste. 2225, Tampa, FL 33602.

Respectfully submitted,

NASON, YEAGER, GERSON, WHITE & LIOCE, P.A.
1645 Palm Beach Lakes Boulevard, Suite 1200
West Palm Beach, Florida 33401
Telephone:     (561) 686-3307
Facsimile:     (561) 656-6547
E-mail:        twhite@nasonyeager.com
Attorneys for Defendants
Florida Bar No.: 30655


By: /s/ *Tracy M. White*
    TRACY M. WHITE

H:\7526\20487\PMemorandumLawMotDismiss2dAmendedComplTMW/tmw-sjj

13