UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FIRST JACKSON CAPITAL & MANAGEMENT, LLC,
a Nevada limited liability company,
as successor in interest to
FIRST JACKSON INVESTMENTS, LLC,
a Delaware limited liability company,

    Plaintiff,

                Case No. 09-80797-CIV-Zloch

v.

FALCONE GROUP, LLC, a Florida
limited liability company,
FALCON FUNDING, LLC, a Florida
limited liability company, and
ARTHUR J. FALCONE, individually,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT ON COUNTS I AND II AGAINST DEFENDANTS FALCONE GROUP, LLC AND FALCON FUNDING, LLC AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, First Jackson Capital & Management, LLC, as successor in interest to First Jackson Investments, LLC, ("**First Jackson**" or "**Plaintiff**"), by and through undersigned counsel, and pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, and local rules 7.1 and 7.5, hereby moves for Summary Judgment in its favor against Falcone Group, LLC ("**Falcone Group**"), and Falcon Funding, LLC ("**Falcon Funding**") (collectively, "**Corporate Defendants**"), on Counts I and II of the Second Amended Complaint, and in support thereof states:

1. There are no genuine issues as to any material facts supporting First Jackson's claim for relief against Falcone Group and Falcon Funding in Counts I and II of the Second Amended Complaint.

2. Count I of the Second Amended Complaint sounds in recovery on a promissory note. The promissory note at issue (the "**Promissory Note**") is attached to the Second Amended Complaint as Exhibit "B."

3. Count II of the Second Amended Complaint sounds in recovery for breach of guarantee. The guarantee at issue (the "**Guarantee**"), is attached to the Second Amended Complaint as Exhibit "C."

4. The material facts are undisputed that Falcone Group executed the Promissory Note on or about December 18, 2006 in the amount of $2,000,000.00, with interest accruing at 12% per annum and payable quarterly, and that payment of all principal and any accrued interest was due and payable on December 18, 2008. *See* Affidavit of Murray Rosenthal (the "**Rosenthal Affidavit**"), at ¶¶ 7 and 8.

5. It is undisputed that Falcone Group failed to make its last interest payment in the amount of $60,000.00, due on or before December 18, 2008. *See* Rosenthal Affidavit, at ¶ 14.

6. The material facts are also undisputed in that payment of the principal of $2,000,000.00 and accrued interest (totaling $500,896.20[1] as of February 26, 2010 and continuing to accrue at $1,015.89 per day) has not been paid to First Jackson. *See* Rosenthal Affidavit, ¶ 15.

---

[1] Pursuant to the terms of the Promissory Note, interest was payable at 12% per annum in quarterly installments during the term of the Promissory Note and the principal and accrued interest bear interest at 18% when the Promissory Note is in default. A schedule of interest calculations is attached as Exhibit "D" to the Affidavit of Murray Rosenthal ("Rosenthal Affidavit").

7. Further, there is no dispute that, by way of the Guarantee, Falcon Funding guaranteed payment of the amounts owed by Falcone Group under the Promissory Note.[2]

8. Based upon the terms of the Promissory Note and Guarantee, and the lack of payment, there is no genuine issue of material fact that judgment in the amount of $2,500,896.20, plus additional interest that has continued to accrue, should be awarded to First Jackson against Falcone Group and Falcon Funding under Counts I and II of the Second Amended Complaint, as a matter of law.

9. Corporate Defendants' only defenses are that: 1) Plaintiff lacks standing to collect the amounts owed under the Promissory Note and Guarantee, and 2) that the original holder's assignment of the Note and Guarantee constitutes an impermissible modification. These pure legal defenses fail as a matter of law. As set forth in the affidavit of Murray Rosenthal, filed in support hereof, the Promissory Note and Guarantee have been assigned to First Jackson which has standing to enforce these negotiable instruments. *See* Rosenthal Affidavit, ¶ 10. An assignment of negotiable instruments does not constitute modification of the terms thereof. Corporate Defendants' attempt to raise this issue fails to create a genuine issue of material fact or a valid defense to First Jackson's claims.

## Memorandum of Law

### Standard for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

*Fed.R.Civ.P.* 56(c); *see also Eberhardt v. Waters,* 901 F.2d 1578, 1580 (11th Cir.1990). The

---

[2] This Motion is not directed to the claims against Arthur Falcone individually.

party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986) (quotation omitted). Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

*Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir.1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. *Celotex Corp.,* 477 U.S. at 322; *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987). Corporate Defendants bear the burden of proof on their affirmative defenses. *See Suntrust Bank v. Baum*, 2009 WL 1097975 (S.D. Fla.). If the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex Corp.*, 477 U.S. at 324.

With respect to claims on a promissory note, a payee's possession of an original uncanceled promissory note raises a presumption of non-payment that shifts the burden of proof to the payor to establish payment or another defense. *See Cole Taylor Bank v. Shannon*, 772 So.2d 546 (Fla. 1st DCA 2000).

## Elements for claim on promissory note[3]

The Florida Supreme Court has established the elements to a cause of action for breach of a promissory note by approving and adopting Form 1.934, as set forth in the Florida Rules of Civil Procedure. *See* Amendments to the Florida Rules of Civil Procedure, 773 So.2d 1098, 1142-43 (Fla. 2000). The approved and adopted Form 1.934, provides:

COMPLAINT

Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. On (date), defendant executed and delivered a promissory note, a copy being attached, to plaintiff in _____ County, Florida.
3. Plaintiff owns and holds the note.
4. Defendant failed to pay (use a or b)
a. the note when due.
b. the installment payment due on the note on (date), and plaintiff elected to accelerate payment of the balance.
5. Defendant owes plaintiff $_____ that is due with interest since (date), on the note.
6. Plaintiff is obligated to pay his/her attorneys a reasonable fee for their services.
WHEREFORE plaintiff demands judgment for damages against defendant.

## The Promissory Note

The Promissory Note represents Falcone Group's promise to pay the principal sum of Two Million Dollars ($2,000,000.00) together with interest thereon from December 18, 2006, at the rate of twelve percent (12%) per annum until maturity, and further states, in pertinent part:

> Maker waives demand, protest, and notice of maturity, non-payment or protest and all requirements necessary to hold Maker liable hereunder.
>
> Maker further agrees to pay all costs of collection, including a reasonable attorney's fee in case the principal of this Note or any payment on the principal or

---

[3] Because this is not an action on a secured or recorded promissory note, payment of documentary stamp tax is not a condition precedent. *See* § 201.08(1), Fla. Stat. (2009); *Glenn Wright Homes (Delray), LLC, v. Lowy*, 18 So.3d 693 (Fla. 4th DCA 2009).

5

any interest thereon is not paid at the respective maturity thereof… whether suit be brought or not.

***

If this Note shall be in default the principal sum and accrued interest shall both bear interest at the rate of eighteen percent (18%) per annum from the date of default until paid.

### The Guarantee

For the purposes of this Motion, the Guarantee represents Falcon Funding's guarantee of the payment of all amounts due and owing in connection with the Promissory Note and further states, in pertinent part:

> Guarantors' obligations hereunder are independent of the Obligations of Borrower to the Lender.

***

> Guarantors agree that whenever an attorney is used to seek payment under or otherwise enforce this Guarantee or to enforce, declare or adjudicate any rights or obligations under this Guarantee, whether by legal proceedings or by other means, all such reasonable attorneys' fees shall be payable upon demand by Guarantors.

***

> This Guarantee shall, without further reference or assignment, pass to, and may be relied upon and enforced by, any successor or participant or assignee of Lender in connection with any Obligations of Borrower and Guarantors to Lender.

### Argument

The Second Amended Complaint, including the exhibits attached thereto, and the Rosenthal Affidavit, show that there is no genuine issue of material fact regarding the payment due and owing by Falcone Group and Falcon Funding. Plaintiff has established the elements for recovery on the Promissory Note and Guarantee. Accordingly, summary judgment is proper and should be granted as a matter of law.

Falcone Group and Falcon Funding acknowledge the authenticity of the documents at issue and that the Promissory Note and Guarantee speak for themselves.  *See Corporate Defendants, Falcone Group, LLC, and Falcon Funding, LLC's, Answer and Affirmative Defenses to Second Amended Complaint* (DE 30)(the "**Answer**"), ¶¶ 22 and 23.  The purported defenses asserted by Falcone Group and Falcon Funding really amount to one bald assertion that First Jackson Capital & Management, LLC lacks standing.  The defenses fail.

Defendants confuse the distinct concepts of "assignment" and "amendment."  On the face of the Promissory Note, there is no requirement that written authorization be obtained prior to the assignment of the Promissory Note.  Corporate Defendants attempt to rely on the language in the Promissory Note that reads:

> This Note may not be **amended or modified**, nor shall any waiver of any provision hereof be effective, except by an instrument in writing executed by Maker and Holder.  (Emphasis added).

Assignment of the Promissory Note to First Jackson did not constitute an amendment or modification as a matter of law.  First Jackson has brought this claim as the successor in interest to First Jackson Investments, LLC.  *See* Rosenthal Affidavit, ¶ 10.  First Jackson has pled and Murray Rosenthal's affidavit establishes that it is the owner and holder of the Promissory Note and Guarantee by virtue of an assignment of assets executed on March 15, 2007 (the "**Assignment**").  *See id*; Second Amended Complaint (DE 29), ¶ 24.

The plain meaning of the words "assignment" and "amendment" are fundamentally unrelated.  Black's Law Dictionary, Sixth Edition, defines "assignment" as "the act of transferring to another all or part of one's property, interest, or rights.  A transfer or making over to another of the whole of any property, real or personal, in possession of in action, or of any estate or right therein.  It includes transfers of all kinds of property, including negotiable

instruments." On the other hand, "amendment" is defined by Black's Law Dictionary (Sixth Edition) as "[t]o change or modify for the better. To alter by modification, deletion, or addition." Similarly, "modification" is defined as "[a]n alteration or amendment which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject-matter intact." It is clear from the undisputed facts that the Promissory Note has not been "amended" or "modified." There have been no additions or deletions or changes whatsoever. There has simply been an assignment.

Moreover, the issue of whether First Jackson is entitled to collect on the Promissory Note is solely an issue of law. There is no genuine issue of material fact regarding any aspect of this matter. It is undisputable that the Promissory Note was issued by Falcone Group, guaranteed by Falcon Funding, and assigned to First Jackson. It is also undisputable that payment on the Promissory Note is due and that payment has not been made.

Nonetheless, as a matter of law, promissory notes are negotiable instruments and assignable. *See* § 673.1041, Fla. Stat.; *see also Moses v. Woodward,* 109 Fla. 348, 140 So. 651 (Fla. 1932)("Like an ordinary chose in action, a note may be transferred by assignment.") Thus, Corporate Defendants have no right or obligation to pay the original holder of the Promissory Note. The Promissory Note has been assigned to First Jackson, who is the rightful holder, possessor, and payee entitled to collect thereon.

Finally, despite Corporate Defendants' affirmative defenses to the contrary, the Guarantee is specifically enforceable by assignees. As set forth above, the Guarantee states:

> "This Guarantee shall, without further reference or assignment, pass to, and may be relied upon and enforced by, any successor or participant or assignee of Lender in connection with any Obligations of Borrower and/or Guarantors to Lender."

The plain language of the document defeats the defense as to the Guarantee.

8

WHEREFORE, Plaintiff, First Jackson Capital & Management, LLC, as successor in interest to First Jackson Investments, LLC, respectfully requests entry of Summary Judgment against Falcone Group, LLC, and Falcon Funding, LLC, in the amount of $2,500,896.20, plus additional accrued interest in the amount of $1,015.89 per day from February 26, 2010 to the date of entry of Summary Judgment, as well as attorneys' fees and costs pursuant to the terms of the Promissory Note and Guarantee sued upon, and for all other relief deemed just and proper.

/s/ Roger J. Haughey, II
R.J. Haughey, II
*rhaughey@sbwlegal.com*
Florida Bar No.  0123617
Sivyer Barlow & Watson, P.A.
401 E. Jackson Street, Suite 2225
Tampa, Florida  33602
Telephone:  813-221-4242
Facsimile:  813-227-8598
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of March, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Tracy M. White, Esq., (twhite@nasonyeager.com), Nason, Yeager, Gerson, White & Lioce, P.A., 1645 Palm Beach Lakes Boulevard, Suite 1200, West Palm Beach, Florida 33401.

/s/ Roger J. Haughey, II
Attorney